IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALEIDA JOHNSON, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0322-WS-C |
| | ) |
| MIDLAND FUNDING, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The defendant has filed a motion to stay. (Doc. 10). The basis of the motion is that the plaintiff's claim rests on a recent Eleventh Circuit decision[1] and that the defendant in that case has sought rehearing and rehearing en banc. The defendant stresses that the Eleventh Circuit ruling adopts the minority position on an issue of central importance to this lawsuit, and the defendant is hopeful the Eleventh Circuit ultimately will change its mind and adopt the majority view. The defendant seeks a three-month stay of all proceedings in this action "pending the outcome of the petition for rehearing." (*Id*. at 5). The plaintiff consents to a stay so long as it expires upon "the ruling by the Eleventh Circuit on the Petition for Rehearing En Banc." (Doc. 12).

"[A] district court [may] exercise[e] its discretion to stay a case pending the resolution of related proceedings in another forum …." *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). "An appeals court should reverse a district court's stay order only when the stay is immoderate." *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976) (internal quotes omitted). "[W]e believe that whether or not a stay is immoderate is a

---

[1] *Crawford v. LVNV Funding, LLC*, ___ F.3d ___, 2014 WL 3361226 (11th Cir. 2014).

function of two variables – the scope of the stay, and the reasons cited for ordering it." *Id*. (internal quotes omitted) (cited in *Ortega Trujillo*, 221 F.3d at 1264).

A stay is immoderate when its scope is indefinite, as when it is to last "until the Bahamian Courts conclude their review." *Ortega Trujillo*, 221 F.3d at 1264.[2] The defendant, which cites *Ortega Trujillo*, sidesteps this objection by requesting a stay of a precise, three-month duration. Such a stay would not be immoderate based upon its scope.

The Court thus turns to the reason cited for seeking a stay. This is not the usual case in which there is an open question pending in another forum, which question is expected to be answered in that other forum. Here, the question has already been answered – the defendant simply dislikes the answer and hopes the answer will change. The defendant has pointed to no case approving a stay in such circumstances.

Nevertheless, because the proposed stay is confined to three months, and because the plaintiffs do not oppose it, the Court exercises its discretion in favor of a stay. The parties should not assume that the Court would grant an additional stay, or series of stays, should this stay expire without a ruling from the Eleventh Circuit, although the parties remain free to seek such an extension.

For the reasons set forth above, the defendant's motion to stay proceedings is **granted**. This action is **stayed** through and including **November 17, 2014**. Unless extended by Court order, the stay expires at midnight on November 17, 2014.

DONE and ORDERED this 2nd day of September, 2014.

                                  s/ WILLIAM H. STEELE
                                  CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *See also CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1286, 1288 (11th Cir. 1982) (a stay "pending determination by the Iran-United States Claims Tribunal of its jurisdiction to hear these [third-party] claims" is indefinite); *Hines*, 531 F.2d at 728, 733 (a stay pending the filing of an EEOC charge and the final conclusion of EEOC proceedings is indefinite).