## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **Aleida Johnson, f/k/a Aleida Hill, individually and on behalf of all similarly situated individuals,** ) ) ) ) | |
| **Plaintiffs,** ) ) | **CIVIL ACTION NO. 1:14-cv-00322-C** |
| **v.** ) ) | |
| **Midland Funding, LLC,** ) ) | |
| **Defendant.** ) | |

## DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT AND BRIEF IN SUPPORT OF MOTION TO DISMISS

## MIDLAND'S MOTION TO DISMISS
## PLAINTIFF'S CLASS ACTION COMPLAINT

In her Class Action Complaint (Doc. 1), Plaintiff Aleida Johnson alleges a claim against Defendant Midland Funding, LLC ("Midland") under the Fair Debt Collection Practices Act, which she seeks to assert on behalf of a putative nationwide class of Chapter 13 bankruptcy debtors. Specifically, Johnson claims that it was unlawfully "misleading," "unfair," or "unconscionable" for Midland to file allegedly stale proofs of claim in bankruptcy proceedings. Yet, a "debtor does not need the FDCPA to protect itself from improper claims, as the Bankruptcy Code allows the debtor to file an objection" to any claim that would be time-barred if asserted as a cause of action in state court. *In re Williams*, 392 B.R. 882, 886 (Bankr. M.D. Fla. 2008). Nevertheless, Johnson hopes to capitalize on the Eleventh Circuit's recent decision in *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014), the first reported federal case ever to hold that filing a time-barred proof of claim may constitute a violation of the FDCPA.

Before *Crawford*, bankruptcy and district courts within the Eleventh Circuit and elsewhere uniformly had held that "the filing of a proof of claim in a bankruptcy proceeding does not trigger the FDCPA, and fails to state a cause of action under the Act." *Williams*, 392 B.R. at 885 (quoting *Cooper v. Litton Loan Servicing (In re Cooper)*, 253 B.R. 286, 291 (Bankr. N.D. Fla. 2000)). In fact, these courts readily recognized that "to apply the FDCPA in this instance, debtors

2

would be encouraged to file adversary proceedings instead of simply an objection to the creditor's claim, which is incredibly inefficient and undermines the process provided by the Bankruptcy Code." *Id.* Yet, *Crawford* has given renewed hope to lawyers who wish to state a claim under the FDCPA based on debt collectors' allegedly time-barred proofs of claim, "open[ing] the floodgate for unnecessary and expensive litigation," *Williams*, 392 B.R. at 888, and potentially further "enabl[ing] a class of professional plaintiffs," *Fed. Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 514 (6th Cir. 2007).

However, the Eleventh Circuit expressly "decline[d] to weigh in on . . . [whether] the Bankruptcy Code displaces or 'preempts' §§ 1692e and 1692f of the FDCPA." *Crawford*, 758 F.3d at 1262 n.7. Thus, it falls to this Court to confront and squarely address the conflict between the FDCPA and the Bankruptcy Code that was, in effect, created by *Crawford*; and, at least in these circumstances, the Bankruptcy Code must trump the FDCPA because it expressly prescribes the conduct allegedly prohibited by the FDCPA. Under the Bankruptcy Code, "[t]he Debtor's remedy in dealing with an objectionable claim is already set forth in the claims allowance process and should be dealt with accordingly." *Simpson*, 2008 WL 4216317, at *3. Conversely, "[t]o accept the proposition that the [FDCPA] created an alternative method to challenge a proof of claim in bankruptcy . . .

would be totally contrary to the entire scheme established by Congress to deal with creditor and debtor relationships." *Williams*, 392 B.R. at 888.

Thus, addressing the argument expressly left open by the Eleventh Circuit's decision in *Crawford*, this Court should join the chorus of other decisions holding that "action[s] consistent with the rights available to creditors and their attorneys through the bankruptcy system" are not subject to liability under the FDCPA. *In re Peed*, No. 12-AP-00028, 2012 WL 1999485, at *3 (Bankr. S.D. Ala. June 4, 2012). Indeed, as the Bankruptcy Court for the Southern District of Alabama confessed in granting the defendants' motion to dismiss, "[i]t is difficult . . . to understand how a procedure outlined by the Bankruptcy Code could possibly form the basis of a violation under the FDCPA." *Id.* at *4 (quoting *Simmons v. Roundup Funding, LLC*, 622 F.3d 93 (2d Cir. 2010)). Accordingly, this Court should likewise dismiss Johnson's Complaint because there exists an irreconcilable conflict between the Bankruptcy Code and the FDCPA, and the Bankruptcy Code must control.

But even if an FDCPA claim in this context were not fundamentally at odds with the Bankruptcy Code, *Crawford* merely provides that a debtor in bankruptcy hypothetically could state a claim under the FDCPA based on a debt collector's time-barred proof of claim. Here, however, Johnson's attempt to breathe new life into such FDCPA claims is to no avail, and her claims against Midland remain dead on arrival, even after *Crawford*. Indeed, it is well-settled that while "[a]ny

attempt to collect a defaulted debt will be unwanted by a debtor, . . . employing the court system in the way alleged by [Johnson] cannot be said to be an abusive tactic under the FDCPA." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006) (affirming dismissal of § 1692d claim based on the debt collector's filing of a collection lawsuit against the plaintiff). Accordingly, even apart from the irreconcilable conflict between the claims allowance process provided by the Bankruptcy Code and the hypothetical FDCPA claim contemplated by *Crawford*, Johnson's Complaint still fails to state a claim for relief under the FDCPA because Midland's proof of claim was objectively not misleading to a competent bankruptcy trustee or to Johnson's attorney, and was not an unfair or unconscionable means of attempting to collect the underlying debt.

### MEMORANDUM OF LAW IN SUPPORT OF MIDLAND'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

**I.     Any claim Johnson might otherwise assert under the FDCPA in this case is precluded by the Bankruptcy Code.**

Johnson's purported FDCPA claim, based on Midland's filing of an allegedly time-barred proof of claim, is precluded by the Bankruptcy Code itself. "One of the core fundamentals in bankruptcy is a creditor's right to file a proof of claim, which is presumed to be prima facie valid until an objection is filed." *In re Pariseau*, 395 B.R. 492, 495 (Bankr. M.D. Fla. 2008). This protocol for determining the allowance of claims in bankruptcy has been perennially

recognized as "an efficient process that gives all sides an opportunity to assert their position." *Id.* (acknowledging that "the majority of objections to claims are either worked out amongst the parties themselves, or if a hearing is necessary, the objection can usually be resolved within 5–10 minutes of the Court's time.").

With good reason, courts routinely have rejected attempts to shoehorn the FDCPA into the administration of a debtor's bankruptcy proceedings as the "paradigm [of] a so-called attempt of creative lawyering to make a mountain out of a molehill and to transform a simple claim resolution process into an extensive and expensive proceeding." *Williams*, 392 B.R. at 888. Otherwise, interpreting the FDCPA to allow debtors to turn a run-of-the-mill objectionable proof of claim into a cause of action for actual and statutory damages (and attorneys' fees) "would open the floodgate for unnecessary and expensive litigation, replacing the simple procedure for dealing with an objection to the allowance of a claim [with a] cause of action [that is] totally contrary to the entire scheme established by Congress to deal with creditor and debtor relationships." *Williams*, 392 B.R. at 888. Thus, every federal court of appeals to address the issue has recognized that there are circumstances where, as here, the Bankruptcy Code trumps the FDCPA. *See Simon v. FIA Card Servs., N.A.*, 732 F.3d 259 (3d Cir. 2013); *Simmons v. Roundup*

*Funding, LLC*, 622 F.3d 93 (2d Cir. 2010); *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004); *Walls v. Wells Fargo Bank*, 276 F.3d 502 (9th Cir. 2002).[1]

Hence, "the question is not whether the FDCPA and the Bankruptcy Code can co-exist in a vacuum; rather, the question is whether filing a proof of claim on a prescribed debt (an action permitted by the Bankruptcy Code) can potentially constitute a violation of the FDCPA." *B-Real, LLC*, 405 B.R. at 431–32 (citing *Randolph*, 368 F.3d at 731). Rather, [t]he proper inquiry . . . is whether the FDCPA claim raises a ***direct conflict between the Code or Rules and the FDCPA, or whether both can be enforced***." *Simon*, 732 F.3d at 274 (emphasis added). In *Crawford*, the Eleventh Circuit held "in a vacuum" that a bankruptcy debtor may conceivably state a claim under the FDCPA based on a debt collector's filing of a time-barred proof of claim. Here, however, there exists an irreconcilable conflict between Bunch's FDCPA claims and the Bankruptcy Code, as the Bankruptcy Code prescribes precisely that which the FDCPA prohibits. Faced with this conflict, the Bankruptcy Code must control, and Bunch's FDCPA claims fail as a matter of law.

Under the Bankruptcy Code and Rules, a creditor who wishes to share in the distribution of the estate must file a proof of claim, which "constitute[s] prima

---

[1] *See also In re Varona*, 388 B.R. 705 (Bankr. E.D. Va. 2008) (explaining the purposes of the Bankruptcy Code are "[i]n distinct contrast" or "in contradistinction" to the purposes of the FDCPA) (citation omitted).

facie evidence of the validity and amount of the claim," Fed. R. Bankr. P. 3001(f), and is "deemed allowed, unless a party in interest . . . objects."  Fed. R. Bankr. P. 3007.  And because "Congress established that the existence of a right to payment is more extensive than the existence of a cause of action that entitles an entity to bring suit[,] . . . numerous courts have upheld the right of an entity to file a proof of claim, even if that claim is clearly barred by the applicable statute of limitations."  *In re Keeler*, 440 B.R. 354, 362–64 (Bankr. E.D. Pa. 2009) (citation omitted).  "Procedurally, the claims resolution process provides the remedy for time-barred claims. . . . Once the debtor has filed an objection to claim, the Court can disallow a claim on any of the grounds set forth in section 502(b) of the Bankruptcy Code."  *Simpson*, 2008 WL 4216317, at *3.  Therefore, "[u]ntil the Bankruptcy Code is amended (for example, by adding a provision in section 501 requiring creditors to have a good faith belief in the allowability of their claims), or the procedural rules modified to render such claims invalid, creditors such as [Midland] are entitled to file proofs of claim even for stale debts."  *In re Keeler*, 440 B.R. 354, 368 (Bankr. E.D. Pa. 2009) (citing *In re Chaussee*, 399 B.R. 225, 240 n.16 (B.A.P. 9th Cir. 2008)).

The FDCPA, on the other hand, "outlaws stale suits to collect consumer debts as unfair because (1) few unsophisticated consumers would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts

and would therefore unwittingly acquiesce to such lawsuits; (2) the passage of time dulls the consumer's memory of the circumstances and validity of the debt; and (3) the delay in suing after the limitations period heightens the probability that [the debtor] will no longer have personal records about the debt." *Crawford*, 758 at 1260 (quotations and citations omitted). Juxtaposed with the claims-resolution process in bankruptcy proceedings, imposing FDCPA liability for filing a proof of claim "could potentially undermine the Bankruptcy Code's specific provisions for administration of the debtor's estate." *Middlebrooks v. Interstate Credit Control, Inc.*, 391 B.R. 434, 473 (Bankr. D. Minn. 2008).

As other courts have found, a more plain conflict could not exist. Unfortunately, the Eleventh Circuit's recent decision in *Crawford* provides no guidance regarding whether a conflict exists between the FDCPA and the Bankruptcy Code, or what the Court should do in the face of such a conflict. *See Crawford*, 758 F.3d at 1262 n.7. In fact, by being the first court ever to hold that filing a proof of claim outside the statute of limitations may give rise to a claim under the FDCPA, it was the Eleventh Circuit's decision in *Crawford* that ***created*** the conflict necessary for this Court to reconcile a situation whereby conduct *prescribed* by the Bankruptcy Code is also *proscribed* by the FDCPA.

Faced with these intersecting, but fundamentally incompatible statutory schemes, other federal courts of appeals have taken the conflict head-on. Late last

year, the Third Circuit thoroughly examined the three federal appellate opinions

predating its own decision, explaining that:

- The Ninth Circuit initially took the broadest approach in a case alleging
  that a debt collector attempted to collect a debt that had been discharged
  in bankruptcy.  "The *Walls* court concluded that allowing an FDCPA
  claim based on violation of the Bankruptcy Code's discharge injunction
  would "circumvent the remedial scheme of the code under which
  Congress struck a balance between the interests of debtors and creditors
  by permitting (and limiting) debtors' remedies for violating the discharge
  injunction to contempt."  *Simon*, 732 F.3d at 272 (quoting *Walls*, 276
  F.3d at 510).

- The Seventh Circuit did not accept the Ninth Circuit's broad approach in
  a case alleging that a debt collector attempted to collect a debt in
  violation of the automatic stay.  The Seventh Circuit held that the
  Bankruptcy Code and FDCPA certainly overlap, but the former does not
  preclude application of the latter unless there is either an "irreconcilable
  conflict between the statutes or a clearly expressed legislative decision
  that one replace the other."  *Id.* at 273 (quoting *Randolph*, 368 F.3d at
  730.  Because the debt collector could comply with both the Bankruptcy
  Code and the FDCPA with respect to collection after the automatic say,
  there was no preclusion.  *Id.* at 274; and

- The Second Circuit also declined to accept the Ninth Circuit's broad rule
  "that no FDCPA action can be based on an act that violates any provision
  of the Bankruptcy Code, because such violations are dealt with
  exclusively *by* the Bankruptcy Code."  *Id.* at 273 (emphasis in original)
  (quoting *Simmons*, 622 F.3d at 96 n.2).

  Nonetheless, the Second Circuit held that the Bankruptcy Code provided
  remedies for the conduct at issue in that case—filing an inflated proof of
  claim—and "[n]othing in either the Bankruptcy Code or the FDCPA
  suggests that debtor should be permitted to bypass the procedural
  safeguards in the Code in favor of asserting potentially more lucrative
  claims under the FDCPA."  *Simmons*, 622 F.3d at 96.

After reviewing those decisions, the Third Circuit decided to "follow the

Seventh Circuit's approach," holding that "[t]he proper inquiry . . . is whether the

FDCPA claim raises a direct conflict between the Code or Rules and the FDCPA, or whether both can be enforced." *Simon*, 732 F.3d at 274. That approach is consistent with the Supreme Court's explanation that application of one federal statute may be precluded by another where "necessary in order that the words of the later statute shall have any meaning at all,"[2] or "where the latter Act covers the whole subject of the earlier one and is clearly intended as a substitute."[3] And under that framework, the Third Circuit concluded that two of the plaintiff's FDCPA claims were not precluded by the Bankruptcy Code because both claims were based on alleged violations of subpoena requirements—*e.g.*, failing to serve the subpoena directly on the subpoenaed individuals and failing to include the relevant text of Rule 45 and Bankruptcy Rule 9016. *Simon*, 732 F.3d at 279. Thus, the court found no "direct conflict" because "[a] creditor may comply" with both statutes by following the same rules. *Id.*

On the other hand, the Third Circuit concluded that the plaintiffs' "claim under § 1692e(11) of the FDCPA le[d] to a different result." *Simon*, 732 F.3d at 279. There, the plaintiffs claimed that the debt collector had violated § 1692e(11) by failing to disclose in its letters and subpoena to the debtors that those communications were sent by a debt collector, and that any information obtained

---

[2] *Simon*, 732 F.3d at 274 (quoting *Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 662 (2007)).

[3] *Id.* (quoting *Branch v. Smith*, 538 U.S. 254, 273 (2003)).

would be used for the purpose of collecting a debt.  *Id.* at 280.  Yet, the Bankruptcy Code's automatic stay forbids "any act to collect assess, or recover a claim against the debtor that arose before the commencement" of the bankruptcy proceeding.  *Id.* Thus, had the statutory disclosures been included, *as required by the FDCPA*, then the debt collector would have violated the Bankruptcy Code.  *Id.*  Conversely, if the debt collector had opted instead to avoid running afoul of the automatic stay, *as required by the Bankruptcy Code*, then it would have violated the FDCPA, as the plaintiffs alleged.  Noting the Hobson's choice faced by debt collectors placed in the precarious position of determining whether to comply with the FDCPA or the Bankruptcy Code, the Third Circuit held that "[t]his conflict precludes allowing a claim under § 1692e(11) . . . ."  *Id.*

Faced with a similar conflict, the Bankruptcy Court for this District was called upon to decide "whether actions taken by a law firm on behalf of its creditor client, including filing an allegedly flawed motion for relief from stay, can support a claim under the FDCPA against that firm when the action taken is authorized by the Bankruptcy Code and Bankruptcy Rules."  *In re Peed*, 2012 WL 1999485, at *3 (Bankr. S.D. Ala. June 4, 2012).  And there, the "Court answer[ed] that question in the negative."  *Id.*

As the court explained, "[c]reditors' attorneys are authorized to file motions for relief from stay by the Bankruptcy Code, the Bankruptcy Rules, and by the

local rules." *Id.* (citing *See* 11 U.S.C. § 362(d); Bankruptcy Rule 4001; Local Bankruptcy Rule 4001–1). "Nonetheless, the Debtors insist[ed] that an offending attorney or law firm may also be subject to a FDCPA claim for filing an erroneous motion for relief from stay," relying on the Seventh Circuit's decision *Randolph* for the proposition "that the two acts can coexist under appropriate circumstances." *Id.* While the Bankruptcy Court acknowledged that "the Seventh Circuit narrowly held that the FDCPA was not preempted or precluded by the Bankruptcy Code with regard to actions that amounted to violations of the automatic stay," it found that "[t]he relevant distinction is that [the defendant's] actions were made *within* the bankruptcy system by utilizing bankruptcy practice and procedure," whereas "the actions considered in *Randolph* involved actions *outside* of the bankruptcy system." *Id.* (emphases in original).

Likewise, the Bankruptcy Code prescribes precisely that which Johnson claims that the FDCPA prohibits. "The action taken by [Midland] in this case, though potentially flawed, was an action consistent with the rights available to creditors and their attorneys through the bankruptcy system," and "[i]t is difficult . . . to understand how a procedure outlined by the Bankruptcy Code could possibly form the basis of a violation under the FDCPA." *In re Peed*, 2012 WL 1999485, at *3, *4 (quoting *Simmons*, 622 F.3d at 93). Moreover, "[s]everal courts have made the same distinction with regard to actions taken pursuant to the Code and

Rules versus actions taken outside the bankruptcy system." *Id.* (citing *Bacelli v. MFP, Inc.,* 729 F. Supp . 2d 1328, 1336–37 (M.D. Fla. 2010); *In re Chaussee,* 399 B.R. at 237–38; *In re McMillen,* 2010 WL 2025610, at *3–*4 (Bankr. N.D. Ga. February 25, 2010); *In re Poteet,* 2011 WL 3626696, at *5–*6 (Bankr. E.D. Tenn. August 17, 2011).[4]

Indeed, one bankruptcy appellate panel has applied this same conflict analysis to the situation presented here—an allegedly time-barred proof of claim. *See In re Chaussee*, 399 B.R. 225 (B.A.P. 9th Cir. 2008). In that case, the debtor claimed that the debt collector had violated the FDCPA "by filing the two proofs of claim when the debts were barred by the statute of limitations." *Id.* at 228. The Ninth Circuit bankruptcy appellate panel reversed the bankruptcy court's denial of the defendant debt collector's motion to dismiss, concluding in no uncertain terms

---

[4] *See also Williams*, 392 B.R. at 886 ("Here, Asset did not engage in any wrongful conduct by filing a proof of claim. To hold otherwise would undermine the rights of creditors in the bankruptcy process. The creditor's right to file a claim is not impacted by whether the statute of limitations had run, as the debtor must raise the statute of limitations issue as an affirmative defense, and even then the court still must determine whether it has tolled and run."); *In re Simpson*, No. 08-00137, 2008 WL 4216317, at *3 (Bankr. N.D. Ala. Aug. 29, 2008) ("An FDCPA claim . . . cannot be based on the filing of a proof of claim, regardless of the ultimate validity of the underlying claim."); *In re Jenkins*, 456 B.R. 236, 241 (Bankr. E.D.N.C. 2011) ("[T]he [Bankruptcy] Code and Rules are up to the task of compensating a debtor for any damages or costs occasioned by, and to punish and deter, those who would abuse the bankruptcy claims process, such that an objection to claim and motion for sanctions, if warranted, will typically be the appropriate measures to take in cases involving stale claims filed by debt buyers.") (quotation omitted); *B-Real, LLC v. Rogers*, 405 B.R. 428, 433 (M.D. La. 2009) ("[Plaintiffs] fail to cite any case in which the alleged FDCPA violation was based solely on a creditor filing a proof of claim on a debt that was later deemed prescribed. In contrast, B–Real cites a number of recent cases in which a cause of action under the FDCPA based on filing a proof of claim on a prescribed debt was deemed precluded by the Bankruptcy Code.").

that "the provisions of both [the Bankruptcy Code and the FDCPA] cannot compatibly operate." *Chaussee*, 399 B.R. at 238.  As the court explained, for a debt collector to participate in the bankruptcy claims process, it necessarily must run afoul of the FDCPA unless it also simultaneously sends an "initial communication" to the debtor, as required by § 1692g.  Yet, providing the debtor with the "initial communication," as required by the FDCPA, would itself violate the Bankruptcy Code's automatic stay. *Id*.  Accordingly, the court concluded that any "[a]ttempt[] to reconcile the debt validation procedure contemplated by the FDCPA with the claims objection process under the Code results in the sort of confusion and conflict[] that persuades us that Congress intended that FDCPA be precluded in the context of bankruptcy cases." *Id.* at 239.

Although the *Chaussee* panel was bound to follow the categorical approach of *Walls*, it concluded that an allegedly time-barred proof of claim also would be precluded even under the Seventh Circuit's claims-specific conflict analysis:

> Unlike in *Randolph*, where the debtor's claim against the creditor was based upon the creditor's actions taken after conclusion of the bankruptcy case, the purported FDCPA violation targets B–Real's act of filing a proof of claim in the pending bankruptcy case. Application of the FDCPA to this conduct would certainly conflict with the Code.

*Chaussee*, 399 B.R. at 237.  Thus, as noted by yet another court addressing these conflicting statutory schemes, "[t]he *Randolph* Court correctly stated a general principle of law—that 'overlapping and not entirely congruent remedial systems

can coexist[,]' and . . . two causes of action that [do] not irreconcilably conflict [may] go forward."  *B-Real, LLC*, 405 B.R. at 431–32.  But here, "the question is . . . whether filing a proof of claim on a prescribed debt (an action permitted by the Bankruptcy Code) can potentially constitute a violation of the FDCPA."  *Id.*  As that court concluded, "it cannot."  *Id.*

## II.   Even if Johnson's claim were not precluded by the Bankruptcy Code, she still fails to state a claim under the FDCPA.

Notwithstanding the irreconcilable conflict between the claims process specifically provided by the Bankruptcy Code, yet potentially prohibited by the FDCPA, Johnson purports to assert a claim against Midland under §§ 1692e and 1692f of the FDCPA.  But *Crawford* merely provided that a debtor in bankruptcy hypothetically could state a claim under the FDCPA based on a debt collector's time-barred proof of claim.  Here, however, Johnson's Complaint still fails because Midland's proof of claim was objectively not misleading to a competent bankruptcy trustee or to Johnson's attorney, and because it was not an unfair or unconscionable means of attempting to collect the underlying debt

### A.   Johnson fails to state a claim under § 1692e because Midland's proof of claim was not directed to her, and was not misleading as a matter of law to a competent bankruptcy lawyer or trustee.

Even if it were not in direct conflict with the Bankruptcy Code's claims-resolution process, the FDCPA's "prohibitions are clearly limited to communications directed to the consumer and do not apply to" communications

directed at other persons. *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011). Indeed, "[t]he weight of authority applying section 1692e does so in the context of a debt collector making a false, deceptive, or misleading representation *to the plaintiff*." *Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 954 (8th Cir. 2006) (emphasis in original). Accordingly, courts have refused to countenance a claim under § 1692e based on allegedly deceptive representations made to the consumer's attorney;[5] to the court;[6] in a prayer for relief;[7] to a third-party;[8] or in a letter addressed to a relative of the consumer.[9]

---

[5] *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938 (9th Cir. 2007) ("The Act's purposes are not served by applying its strictures to communications sent only to a debtor's attorney . . . ."); *see also Brazier v. Law Offices of Mitchell N. Kay, P.C.*, No. 08-CV-156, 2009 WL 764161, at *2 (M.D. Fla. Mar. 19, 2009) ("Communications directed solely to a debtor's attorney are not actionable under the FDCPA."); *In re Holloway*, 337 B.R. 6, 11 (Bankr. D. Mass. 2006) ("That the communication was only [with] the attorney for the Debtor not only warrants a finding that the automatic stay was not violated, it creates the basis for denying judgment to the Debtor on her Fair Debt Collection Practices Act claim . . . [because] the letter is not a communication under the FDCPA.") (citation omitted).

[6] *O'Rourke*, 635 F.3d at 941 (holding that representations to a state court are not actionable under § 1692e); *see also Bandy v. Midland Funding, LLC*, No. 12-00491, 2013 WL 210730, *9 n.7 (S.D. Ala. Jan. 18, 2013) ("The Court agrees with the Seventh Circuit's holding that, because nothing in the Act's text extends its protections to anyone but consumers and those who have a special relationship with the consumer, the Fair Debt Collection Practices Act does not extend to communications that would confuse or mislead a state court judge.") (quotation and alterations omitted).

[7] *See Hrivnak v. NCO Portfolio Mgmt.*, 994 F. Supp. 2d 889, 898 (N.D. Ohio 2014) ("[A] prayer for relief does not constitute a representation that the defendant must pay the amount listed, nor that the creditor is entitled to these additional amounts. The prayer for relief is not a demand to the debtor himself. Rather, the prayer for relief is what it purports to be—a prayer or request directed to the court. The FDCPA does not extend protection to communications to courts.").

[8] *See Volden*, 440 F.3d at 954 (8th Cir. 2006) (affirming summary judgment to debt collector based on allegedly false representation to third party check-processing entity).

Likewise, Johnson "has no standing to claim that the contents of [Midland's proof of claim] violated the FDCPA" because it was not a representation *to Johnson*. *Kropelnicki*, 290 F.3d at 130. Rather, a proof of claim is "a written document . . . that is *filed with the clerk of the bankruptcy court* in order to share in distribution of estate monies." Norton Bankr. L. & Prac. 3d Dict. of Bankr. Terms § P140, Proof of Claim (emphasis added). And it is the duty of the bankruptcy trustee to "examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. § 704(a)(5). While *Crawford* held that a proof of claim, in the abstract, falls "within the ambit of a 'representation' . . . in 'connection with the collection of any debt,'" the Eleventh Circuit did not address whether a proof of claim also may constitute a "false representation" *to the debtor* "of the character, amount, or legal status of any debt." *Crawford*, 758 F.3d at 1261; 15 U.S.C. § 1692e(2)(A).

Similarly, the Eleventh Circuit rejected the contention that, in the abstract, "the filing of a proof of claim . . . 'in connection with the collection of [any] debt' for purposes §§ 1692e and 1692f of the FDCPA would be at odds with the automatic stay provision of the Bankruptcy Code." *Crawford*, 758 F.3d at 1261. But again, *Crawford* did not address the concrete consideration whether a proof of

---

[9] *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (holding that plaintiff lacked standing to assert claim under § 1692e based on allegedly mislead representation in a letter to her daughter).

claim, as a communication directed *to the debtor*, would violate the automatic stay. If it had, the Eleventh Circuit would no doubt have concluded that any such communication with Johnson "in connection with the collection of [any] debt" would amount to a violation of the automatic stay, which prohibits "any act taken by a creditor for the purpose of collecting a prepetition debt . . . ." *Maloy*, 197 B.R. at 722 (quotation omitted).[10]   Indeed, if (as the Eleventh Circuit held in *Crawford*) "[t]he automatic stay . . . does not prohibit the filing of a proof of claim to collect a debt within the bankruptcy process," then Midland's proof of claim necessarily cannot constitute a representation *to Johnson*.  *Crawford*, 758 F.3d at 1262.

Thus, "[e]ven if [Midland's proof of claim] contained language that was threatening or misleading, it was not threatening or misleading as to [Johnson] because it was not addressed *to her*."  *Kropelnicki*, 290 F.3d at 130 (emphasis added).  In other words, Johnson's claim should be dismissed to the extent it is based on an alleged misrepresentation in violation of § 1692e because "there is no set of facts under which [Johnson] could state a claim based on" the filing of Midland's proof of claim.  *Id.*

---

[10] *See id.* at 723 ("find[ing] that [the automatic stay] prohibits a collector from sending the notice required by § 1692g," which requires a debt collector to "*send the consumer a written notice*" containing information about the debt and the procedure for disputing it)

Even if Johnson did have standing to pursue a claim under § 1692e, however, any such claim still fails as a matter of law because Midland's proof of claim objectively was not misleading to a competent lawyer or bankruptcy trustee. In *Crawford*, the Eleventh Circuit held that, "[s]imilar to the filing of a stale lawsuit, a debt collector's filing of a time-barred proof of claim creates the misleading impression to the debtor that the debt collector can legally enforce the debt." *Crawford*, 758 F.3d at 1261. But as the Seventh Circuit has explained, "the 'unsophisticated consumer' standpoint[11] is inappropriate for judging communications with lawyers, just as it is inappropriate to fix a physician's standard of care at the level of that of a medical orderly." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007) (Posner, J.). Thus, "the standard for determining whether particular conduct violates the statute is different when the conduct is aimed at a lawyer than when it is aimed at a consumer." *Id.*

As other courts of appeal have acknowledged, there are good reasons for evaluating a debt collector's communications with a consumer's attorney under a different standard than the standard applied to communications with a consumer. "Attorneys possess exactly the degree of sophistication and legal wherewithal that

---

[11] In determining whether a communication is actionable under § 1692e, the Seventh Circuit evaluates whether it is likely to deceive an "unsophisticated consumer," whereas the Eleventh Circuit asks the same question from the perspective of the hypothetical "least sophisticated consumer." *See Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1175 (11th Cir. 1985).

individual debtors do not." *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 939 (9th Cir. 2007).  And so, "[w]here an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior." *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002); *see also Brazier v. Law Offices of Mitchell N. Kay, P.C.*, No. 08-CV-156, 2009 WL 764161, at *2 (M.D. Fla. Mar. 19, 2009) ("[T]he attorney rather than the FDCPA is obligated to protect the consumer from any harassing behavior from a debt collector.").

Likewise, any attempt to apply the "least sophisticated consumer" standard to Midland's proof of claim also "misunderstands the nature of bankruptcy and the role of the trustee in bankruptcy." *In re Plaza Mortgage & Fin. Corp.*, 187 B.R. 37, 42 (Bankr. N.D. Ga. 1995).  As the Eleventh Circuit noted in *Crawford*, "[t]he Bankruptcy Code provides a trustee in every Chapter 13 proceeding." *Crawford*, 758 F.3d at 1253 n.5 (citing 11 U.S.C. § 1302(a)).  By statute, the trustee is required "(among other duties) to appear at hearings, to advise the debtor in nonlegal matters, to ensure the debtor makes timely payments, and, . . . '*to examine proofs of claims and object to the allowance of any claim that is improper*." *Id.* (emphasis added; alteration omitted) (quoting 11 U.S.C. § 704(a)(5); *see also id.* at § 1302(b)(1) (setting forth the duties of a trustee as those provided in 11 U.S.C.

§ 704)).  "Indeed, the trustee's job is to investigate the debtor's financial affairs, liquidate assets, pursue the debtor's causes of action, and acquire assets through the trustee's avoiding powers in order to make a distribution to creditors."  *In re Plaza Mortgage*, 187 B.R. at 42.

Accordingly, whether Midland's proof of claim was misleading should not be judged from the standpoint of the "least sophisticated consumer."  Instead, the appropriate question is whether Midland's proof of claim would be likely to deceive a "competent lawyer" or a "competent trustee."  Under the "competent lawyer" standard, "a representation by a debt collector that would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law, should not be actionable."  *Evory*, 505 F.3d at 774–75.  By the same token, because Midland's proof of claim would not be likely to deceive a competent trustee, Johnson's claim under § 1692e fails as a matter of law.[12]

---

[12] While courts ordinarily "treat issues of deception as ones of fact rather than of law," a court still "would have to dismiss the case" where, as here, the "plaintiff . . . rest[s] on the text of the communication, and [has] no other evidence to offer, and . . . there is nothing deceptive-seeming about the communication."  *Evory*, 505 F.3d at 776; *see also Newman v. Ormond*, 396 F. App'x 636, 639 (11th Cir. 2010) (affirming summary judgment in favor of debt collector on plaintiff's § 1692e claim where "the documentation that [the debt collector] sent to [the consumer] expressly stated that the amount of [the] debt may vary daily based on additional interest, late charges, and collection costs, and was not a misrepresentation simply because the amount listed in it differed from the amount ultimately sought in settlement and judgment"); *McMillan v. Collection Professionals, Inc.,* 455 F.3d 754, 760 (7th Cir. 2006) ("[U]ndoubtedly, there will be occasions when a district court will be required to hold that no reasonable person, however unsophisticated, could construe the wording of the communication in a manner that will violate the statutory provision"); *Taylor v. Cavalry Investment, LLC,* 365 F.3d 572, 574–75 (7th Cir. 2004) ("[I]f it is apparent from a reading of the letter that not even 'a significant fraction of

Here, it is apparent on its face that Midland's proof of claim "would be unlikely to deceive a competent lawyer or [trustee]."  *Evory*, 505 F.3d at 774–75. In *Crawford*, the Eleventh Circuit held that "a debt collector's filing of a time-barred proof of claim creates the misleading impression . . . that the debt collector can legally enforce the debt."  *Crawford*, 758 F.3d at 1261.  But Midland's proof of claim could not have created any such misleading impression either to a competent bankruptcy lawyer or trustee (or even to Johnson herself) because it plainly disclosed the "DATE OF LAST TRANSACTION," the "CHARGE-OFF DATE," and Johnson's "DATE OF LAST PAYMENT":

| DATE OF LAST TRANSACTION<br>05/28/2003 | CREDITOR AT DATE OF LAST TRANSACTION<br>FINGERHUT CREDIT ADVANTAGE | CHARGE-OFF DATE<br>01/05/2004 | DATE OF LAST PAYMENT<br>05/28/2003 |
|---|---|---|---|

(Doc. 1-1, at 4) (emphasis added).

A competent bankruptcy lawyer or trustee in receipt of Midland's proof of claim would be expected to examine the documents and information available to him, and to inquire from Johnson whether she admits or denies the creditor's claim.  Here, Midland's proof of claim truthfully disclosed all of the information necessary for the trustee, or Johnson, or her attorney to determine whether any suit on the debt would be time-barred under the applicable statute of limitations.  In fact, Midland's proof of claim not only was objectively not misleading, it also

the population' would be misled by it . . ., the court should reject it without requiring evidence beyond the letter itself").

subjectively did not mislead Johnson's attorney, who filed this class action lawsuit a mere **four days** after the Eleventh Circuit issued its decision in *Crawford*. Accordingly, Midland's proof of claim, at best, constitutes "a representation by a debt collector that would be unlikely to deceive a competent lawyer or [trustee], even if he is not a specialist in consumer debt law." *Evory*, 505 F.3d at 775. Therefore, to the extent Johnson asserts a claim under § 1692e, such a claim "should not be actionable" and should be dismissed.

> **B.** **The filing of Midland's proof of claim was not an unfair or unconscionable means of attempting to collect the underlying debt in violation of § 1692f.**

Johnson next asserts that Midland's proof of claim violated § 1692f, which provides that a debt collector "may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. However, "in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid." *Freyermuth v. Credit Bureau Servs.,* 248 F.3d 767, 771 (8th Cir. 2001). Here, the filing of Midland's proof of claim was neither an unfair nor unconscionable means of collecting the underlying debt, which remained valid notwithstanding the expiration of any applicable limitations period. Accordingly, "[t]hat a claim is not *allowable* because a statute of limitation has expired does not defeat the *existence* of the claim in bankruptcy." *In re Edge*, 60 B.R. 690, 699

(Bankr. M.D. Tenn. 1986) (emphasis in original). "Quite the contrary: the existence of the claim must be determined independent of limitations questions else the process of *allowance* under § 502 becomes redundant if not circular." *Id.* (emphasis in original).

Thus, even if a lawsuit against Johnson would potentially be time-barred, the expiration of the "statute of limitations does not eliminate the debt; it merely limits the judicial remedies available." *Freyermuth*, 248 F.3d at 771. Rather than attempt to exercise any foreclosed judicial remedies, however, Midland filed its proof of claim, which is nothing more than "a written document evidencing [its] claim for a particular amount that is filed with the clerk of the bankruptcy court in order to share in distribution of estate monies." Norton Bankr. L. & Prac. 3d Dict. of Bankr. Terms § P140, Proof of Claim. And under the Bankruptcy Code, Johnson or the Trustee may object to the proof of claim, just as a consumer may refuse a debt collector's request for voluntary payment on a time-barred debt.

Properly considered, then, the filing of Midland's proof of claim is more analogous to a non-actionable "attempt[] to collect on a potentially time-barred debt that is otherwise valid,"[13] than it is "threatening to sue on a time-barred debt and/or filing a time-barred suit."[14] And "the mere existence of [a] time-barred debt

---

[13] *Freyermuth*, 248 F.3d at 771.

[14] *Crawford*, 758 F.3d at 1259.

combined with some communication from a debt collector regarding the debt is insufficient to establish an FDCPA violation." *Hinkle v. Northland Grp. Inc.*, CV 311-084, 2011 WL 6748504 (S.D. Ga. Nov. 22, 2011). In fact, even "when a party attempts to collect a debt *discharged in bankruptcy*, that party has not violated § 1692f of the FDCPA by engaging in unfair and unconscionable collection practices." *Rios v. Bakalar & Associates, P.A.*, 795 F. Supp. 2d 1368, 1369 (S.D. Fla. 2011) (emphasis added).

Unlike a debt discharged in bankruptcy, the validity of Johnson's underlying debt was not extinguished by the expiration of the applicable limitations period; rather, the debt merely was rendered unenforceable by compulsory legal process. And "in the absence of a threat of litigation or actual litigation," nothing in the FDCPA or the Bankruptcy Code prohibits Midland from "attempt[ing] to collect on a potentially time-barred debt that is otherwise valid." *Freyermuth*, 248 F.3d at 771. Therefore, Johnson's FDCPA claim fails as a matter of law to the extent it is based on an alleged violation of § 1692f(1).

Furthermore, "to state a claim for violation of § 1692f, a plaintiff must either allege improper acts specifically enumerated in that section or allege misconduct beyond that which the plaintiff alleges violates other provisions of the FDCPA." *Eslava v. AllianceOne Receivables Mgmt., Inc.*, No. 12-CV-0425, 2012 WL

4336012, at *3 (S.D. Ala. Sept. 20, 2012).  In fact, courts within this state,[15] within this circuit,[16] and elsewhere,[17] have uniformly held that a plaintiff's "failure to specifically identify how [the defendant's] conduct was also unfair or unconscionable under section 1692f warrants dismissal." *Taylor*, 510 F. Supp. 2d at 1217.   Here, Johnson claims that the same conduct she alleges constitutes a violation of § 1692e—the filing of Midland's proof of claim—also amounts to a violation of § 1692f.  Because Johnson does not allege any "conduct . . . which does not violate another provision of the FDCPA," the Complaint fails to state a claim for relief.  *Winberry*, 697 F. Supp. 2d at 1292.

## CONCLUSION

For any of the foregoing alternative reasons, Midland respectfully requests that the Court dismiss Johnson's Complaint with prejudice.

Respectfully submitted this 7th day of October, 2014.

---

[15] *See Winberry v. United Collection Bureau, Inc.*, 697 F. Supp. 2d 1279, 1292 (M.D. Ala. 2010) (acknowledging "a growing consensus, at least among district courts, that a claim under § 1692f must be based on conduct either within the listed provisions, or be based on conduct which falls outside of those provisions, but which does not violate another provision of the FDCPA") (collecting cases);

[16] *See Taylor v. Heath W. Williams, L.L.C.*, 510 F. Supp. 2d 1206, 1217 (N.D. Ga. 2007) ("A complaint will be deemed deficient under [§ 1692f] . . . if it does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA") (quotation omitted).

[17] *Stewart v. Bierman*, 859 F. Supp. 2d 754, 765 (D. Md. 2012) *aff'd sub nom. Lembach v. Bierman*, 528 F. App'x 297 (4th Cir. 2013) ("Plaintiffs' § 1692f claim here fails to allege any conduct separate and distinct from the alleged § 1692e violations. . . .   Therefore Defendants' motion to dismiss the § 1692f claim will be granted."); *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) ("Plaintiffs' Complaint is deficient in that it does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA.").

*/s/ Jason B. Tompkins*
One of the Attorneys for Defendant Midland
Funding, LLC

**COUNSEL FOR DEFENDANT MIDLAND FUNDING, LLC:**

Jason B. Tompkins
Chase T. Espy
BALCH & BINGHAM LLP
P. O. Box 306
Birmingham, Alabama  35201-0306
Telephone:  (205) 251-8100
Facsimile:   (205) 226-8798

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of October 2014, I have filed the above

and foregoing via the CM/ECF electronic filing system, which will electronically

serve the following counsel of record:

Earl P. Underwood , Jr.                    Kenneth J. Riemer
21 South Section Street                    P. O. Box 1206
Fairhope, AL 36532                         Mobile, AL 36633
251-990-5558                               (251) 432-9212
Fax: 251-990-0626                          Fax: (251) 990-0626
Email: epunderwood@gmail.com               Email: kriemer01@gmail.com


                                           */s/ Jason B. Tompkins*
                                           Of Counsel